UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERIC SOUTHWARD,  Civil No. 09-1042-HA

      Plaintiff,  ORDER

  v.

COMMISSIONER of Social Security,

      Defendant.

HAGGERTY, District Judge:

    Following a stipulation by the parties, this court entered a Judgment remanding this matter to the Commissioner for the calculation and award of benefits. Upon remand, plaintiff was awarded $74,732.00 in past-due benefits. Plaintiff's counsel now moves for a fee award totaling $11,171.50, which represents less than fifteen percent of that award. No objections have been raised by the Commissioner to this fee motion, however, this court is charged with the responsibility of determining the reasonableness of the award being sought. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's Motion [30] for the approval of attorney fees is granted.

1 -- ORDER

**DISCUSSION**

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant.  *Id.*  Accordingly, when a court approves both a § 406(b) fee payment and a fee pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments.  *Gisbrecht*, 535 U.S. at 796.

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap.  Here, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received.  This agreement is within the statutory limits.

The next step is to confirm that the fee counsel seeks does not exceed § 406(b)'s twenty-five percent ceiling.  The requested fee in this case represents less than fifteen percent of plaintiff's total retroactive benefits award.

Finally, this court must perform an independent check to ensure that the fee award is reasonable in this specific case.  *Gisbrecht*, 535 U.S. at 807.  This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case.  *Id.* at 808.  In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2)

2 -- ORDER

the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney will receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009). The burden rests with the plaintiff's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

The record in this case provides no basis for a reduction in the requested § 406(b) fee. Plaintiff's counsel presented sound arguments in his briefing that prompted the Commissioner to stipulate to a remand for the calculation and award of benefits for his client. Counsel received one extension for filing the Opening Brief, and it does not appear that it was intended to improperly delay this case. Counsel undertook some risk in agreeing to represent plaintiff on a contingency basis, and he successfully obtained benefits for his client in a matter that required skill and expertise.

Counsel also voluntarily reduced his requested fee in this case, presumably based on the Commissioner's non-adversarial position after plaintiff filed his Opening Brief and the significant amount of retroactive benefits recovered. This reduction prevented a potential disproportionate loss of benefits to plaintiff and an unwarranted windfall to counsel. *See Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). After examining the record, the briefing presented, and the hours claimed by counsel, this court concludes that counsel has made an adequate showing that the requested fee award is reasonable in this case. Counsel's previous fee award of $6,680.00 pursuant to the EAJA must be deducted from his § 406(b) award. *See Gisbrecht*, 535 U.S. at 796.

3 -- ORDER

**CONCLUSION**

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [30] is granted. Counsel is entitled to his requested award of $11,171.50 in § 406(b) fees, representing less than fifteen percent of the disabled plaintiff's retroactive benefits recovery. After subtracting the $6,680.00 EAJA fee award previously granted to counsel, the final fee award is $4,491.50.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge